UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL H. ROSS,<br><br>Plaintiff,<br><br>v.<br><br>TRIAD FINANCIAL CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 06-003 (CKK) |

### MEMORANDUM OPINION

This action arises from the purchase of a used vehicle in the State of Maryland. Plaintiff, proceeding *pro se*, alleges that the Defendants, Triad Financial Corporation ("Triad") and Ourisman Chevrolet Company ("Ourisman"), committed fraud and made material misrepresentations during the sale of the vehicle. Defendants have moved to dismiss based, among other grounds, on improper venue.[1] Because the Court concludes that venue is indeed improper here, the case will be transferred to the District of Maryland.

### *Background*

Plaintiff, a resident of Maryland, alleges that on or about July 20, 2001, he purchased a used 2000 Dodge truck from the Ourisman dealership located at 4400 Branch Avenue, Marlow

---

[1] Given the disposition of the venue question, the Court will not rule on the remaining grounds raised by Defendants.

-1-

Heights, Maryland. Complaint ("Compl."), ¶ 4.[2] Ourisman is a Maryland corporation. *Id.*, ¶ 3. Defendant Triad is a corporation that provides automobile loans through dealers such as Ourisman. *Id.*, ¶ 2. According to Plaintiff, Triad's headquarters is in California. *Id.*

Plaintiff's purchase of the truck was financed through an installment contract assigned by Ourisman to Triad. *Id.*, ¶ 4. Under the contract, Plaintiff agreed to make 71 monthly payments of $649.88. *Id.* Plaintiff made a down payment of $3,000.00. *Id.* Ourisman agreed to pay the outstanding loan balance on Plaintiff's vehicle, a 1997 Infiniti. *Id.*

Plaintiff alleges that Ourisman sold his Infiniti to another buyer at Plaintiff's expense and without compensation to the Plaintiff. *Id.* As a result, Plaintiff claims that he had to pay the Infiniti loan twice. *Id.* Plaintiff contends that Defendants engaged in unfair and deceptive lender practices and fraud, and committed a breach of contract. *Id.*, ¶ 5. As statutory bases for his cause of action, Plaintiff cites the Truth in Lending Act, the Equal Credit Opportunity Act, and the Racketeer Influenced and Corrupt Organizations Act. *Id.*

### *Discussion*

Defendants move to dismiss based on improper venue or, alternatively, for a transfer to the District of Maryland. In ruling on a motion to dismiss for improper venue, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 277 (D.D.C.2002); *2215 Fifth St. Assocs. v. U Haul Int'l, Inc.*, 148 F. Supp. 2d 50, 54 (D.D.C. 2001). The court, however, need not accept the plaintiff's legal conclusions as true. *Id.* To prevail on a motion to dismiss for improper

---

[2] Plaintiff filed a First Amended Complaint, but it does not detail the factual background for his claim. Thus, the Court will cite to the original complaint.

venue, the defendant must present facts that will defeat the plaintiff's assertion of venue. *Id.*

Venue in this case is governed by 28 U.S.C. § 1391(b), which provides, in relevant part, that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may ... be brought only in (1) a judicial district where any defendant resides, if all the defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

This case concerns the purchase of a vehicle in Maryland. Plaintiff resides in Maryland. All of the acts or omissions alleged by Plaintiff took place in Maryland. Defendants do not reside in the same State or the District of Columbia. In fact, this judicial district has no connection to Plaintiff's claim. Accordingly, venue is improper in this Court.

When a plaintiff files an action in the wrong district, courts are to "dismiss, or if it be in the interest of justice, transfer such case" to the proper venue. 28 U.S.C. § 1406(a). A district court may transfer a civil action to any other district where the claim might have been brought "[f]or the convenience of parties and witnesses, in the interests of justice." 28 U.S.C. § 1404(a); *see also Zakiya v. United States*, 267 F.Supp. 2d 47, 59 (D.D.C. 2003). As a general matter, a transfer of the case is favored over a dismissal. *El v. Beden*, 360 F.Supp. 2d 90, 93 (D.D.C. 2004). In considering whether transfer would be proper, the court considers the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

*SEC v. Page Airways*, 464 F.Supp. 461, 463 (D.D.C. 1978).

As noted above, all the events described in the complaint occurred in Maryland. The cause of action arose in that jurisdiction. Any relevant witnesses and potential documentary evidence would be located there. Therefore, in the interests of justice, the case should be transferred to that district.

## *Conclusion*

Based on the foregoing, Defendants' motions will be granted in part. The case will be transferred to the District of Maryland. A separate Order accompanies this Memorandum Opinion.

                                    _____
                                    COLLEEN KOLLAR-KOTELLY
                                    United States District Judge

DATE: 6/27/06