IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DANIEL H. ROSS**, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. RWT 06-2122 |
| **TRIAD FINANCIAL CORPORATION**, et al., | * | |
| Defendants | * | |

## MEMORANDUM OPINION

The complaint in this case was originally filed by Plaintiff Daniel H. Ross ("Ross") on January 4, 2006 in the United States District Court for the District of Columbia. After an amended complaint was filed on January 17, 2006, Defendants Triad Financial Corporation ("Triad") and Ourisman Chevrolet Co., Inc. ("Ourisman") filed motions to dismiss pursuant to Rule 12(b)(6). The United States District Court for the District of Columbia dismissed the action for improper venue and transferred the case to this Court, without ruling on the other grounds for dismissal raised by the Defendants in their motions. For the reasons that follow, Defendants' motions to dismiss shall be granted, by separate order, and Ross' claims will be dismissed with prejudice.

## I.  FACTUAL BACKGROUND

In July 2001, at the Ourisman dealership located at 4400 Branch Avenue, in Marlow Heights, Maryland, Ross purchased a used 2000 Dodge Durango truck. As part of this transaction, Ross agreed to trade-in his 1997 i30 Infinity automobile. However, Mr. Ross still owed a balance of $13,904.93 to Household Automotive on this vehicle. As part of the transaction, Ourisman accepted Ross' 1997 Infinity with a trade-in value of $13,904.93, thereby alleviating Mr. Ross' debt in exchange for the vehicle. He then agreed to pay a total of $32,998.00 for the Durango, inclusive of

taxes and fees. Ross paid a $3,000 down payment, and financed the remaining $29,998.00. On July 20, 2001, Ross signed and dated several documents related to this transaction, including the order form for the Dodge Durango, the authorization for the Infinity trade, and the Simple Interest Motor Vehicle Contract and Security Agreement. On July 24, 2001, Ourisman paid Household Automotive $13,904.93.

## II.   STANDARD OF REVIEW

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The court, however, need not accept unsupported legal conclusions or pleaded facts, see Revene v. Charles County Comm'rs, 882 F.2d 870, 873 (4th Cir. 1989), or conclusory factual allegations devoid of any reference to particular acts or practices. See United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979). In the case of *pro se* litigants, the Court must read pleadings more liberally than those filed by attorneys.[1] Gordon v. Leake, 574 F.2d 1147, 1151 (4th Cir. 1978). However, although the Court is to provide for a generous construction of *pro se* complaints, there are some limits. Even in the case of *pro se* litigants, "District judges are not mind readers," and "they cannot be expected to construct full blown claims from sentence fragments." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

---

[1] Plaintiff is proceeding *pro se* in this action. He has noted in his Amended Complaint that he has a J.D. and an "international bar number." Amended Complaint at 4.

**III.   ANALYSIS**

Liberally construed, Ross' amended complaint asserts claims for: (1) breach of fiduciary duty, unjust enrichment, and constructive fraud, and violations of "local laws prohibiting unfair and deceptive lender practices, fraud, and breach of contract," (2) violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., (3) violation of Regulation Z, 12 C.F.R. § 226 et seq.; (4) violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq.; (5)  violation of the civil rights statutes, 42 U.S.C. §§ 1981 and 1986; and (6) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq.  As discussed herein, each of these claims is time barred under the applicable statute of limitations.

**1. State Law Claims**

The Court will first address Ross' claims for breach of fiduciary duty, unjust enrichment, constructive fraud and violations of "local laws prohibiting unfair and deceptive lender practices, fraud and breach of contract" first.  Each of these claims is governed by Maryland law, which applies the "discovery rule" under which a "cause of action accrues when the claimant in fact knew or reasonably should have known of the wrong."  Poffenberger v. Risser, 290 Md. 631, 636, 431 A.2d 677, 680 (1981).  This means that the plaintiff is on "inquiry notice," and "the statute of limitations will begin to run, when the plaintiff has knowledge of circumstances which would cause a reasonable person in the position of the plaintiff to undertake an investigation which, if pursued with reasonable diligence, would have led to knowledge of the alleged [tort]."  Lumsden v. Design Tech Builders, Inc., 358 Md. 435, 446, 749 A.2d 796, 802 (2000)(citations omitted).  It is clear from the pleadings before the Court that Ross had knowledge of circumstances which would cause a reasonable person in his position to undertake an investigation of the alleged wrongs within a few

days of July 20, 2001, the date when he signed the paperwork at Ourisman Chevrolet to trade-in his Infinity and purchase the Dodge Durango.

The only exception to this rule would be if Ross had alleged fraud on the part of the Defendants in concealing from Ross knowledge of their fraud. No such allegations have been made. In the absence of any allegations that would invoke Md. Code Ann. Cts. & Jud. Proc. § 5-203, [2] the statute of limitations regarding all claims governed by Maryland law began to run on or about July 20, 2001.

Because the statute of limitations began to run on or about July 20, 2001, all of Ross' state law claims are time barred by Md. Code. Ann. Cts. & Jud. Proc. § 5-101, which states "[a] civil action at law shall be filed *within three years* from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced." (emphasis added). Thus any claims under Maryland law expired on or about July 20, 2004, approximately one and one half years before the complaint was filed on January 4, 2006.

**2. Truth in Lending Act, 15 U.S.C. § 1601 et seq**

The alleged violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., are also time barred pursuant to 15 U.S.C. § 1640(e), which states "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, *within one year from the date of the occurrence of the violation*." (emphasis added). The alleged date of the

---

[2] "If the knowledge of a cause of action is kept from a party by the fraud of an adverse party, the cause of action shall be deemed to accrue at the time when the party discovered, or by the exercise of ordinary diligence should have discovered the fraud." Md. Code Ann. Cts. & Jud. Proc. § 5-203.

occurrence of the violation is on or about July 20, 2001. Thus, any claims under the Truth in Lending Act expired on or about July 20, 2002, approximately three and one half years before the complaint was filed on January 4, 2006.

**3. Regulation Z, 12 C.F.R. § 226 et seq.**

The one year limitation period provided by 15 U.S.C. § 1640(e) applies to violations of Regulation Z. 12 C.F.R. § 226.1(e)(2006). Thus, Ross' claim based on alleged violations of Regulation Z, as the provisions of Part 226 of Title 12 of the Code of Federal Regulations are commonly known, is also time barred.

**4. Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq.**

Any claims based on alleged violations of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq. are governed by 15 U.S.C. § 1691e(f), which states "[a]ny action under this section may be brought in the appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction. No such action shall be brought later than *two years from the date of the occurrence of the violation*" (emphasis added).[3] The date of the occurrence of the alleged violation is on or about July 20, 2001, and thus any claims under Equal Credit Opportunity Act expired on or about July 20, 2003, approximately two and one half years before the complaint was filed on January 4, 2006.

**5. Civil Rights Statutes 42 U.S.C. §§ 1981 and 1986**

---

[3]The statute provides for two exceptions to this two-year period. 15 U.S.C. § 1691e(f)(1)-(2). These apply when an agency with administrative enforcement responsibility under the Act or the Attorney General bring an enforcement proceeding under the statute. Id. In these cases, claims under the Act can be raised within one year after the commencement of such action. Because there has been no enforcement action brought against Defendants, these exceptions do not apply to Ross' claims.

5

There is no federal statute of limitations for claims under 42 U.S.C. § 1981. However, the United States Supreme Court has held that "[s]ince there is no specifically stated or otherwise relevant federal statute of limitations for a cause of action under § 1981, the controlling period would ordinarily be the most appropriate one provided by state law." Johnson v. Railway Express Agency, Inc., 421 U.S. 455, 462 (1975). Thus, the applicable limitation period is the three year period set forth by Maryland law. See Md. Code Ann. Cts. & Jud. Proc. § 5-101. The date of the accrual of the cause of action is on or about July 20, 2001. Thus any claims under 42 U.S.C. § 1981 expired on or about July 20, 2004, approximately one and one half years before the complaint was filed on January 4, 2006.

Any claims based on alleged violations of 42 U.S.C. § 1986 are also time barred, as that statute states "no action under the provisions of this section shall be sustained which is not commenced *within one year after the cause of action has accrued*." (emphasis added). Any claims under 42 U.S.C. § 1986 expired on or about July 20, 2002, approximately three and one half years before the complaint was filed on January 4, 2006.

**6. Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq.**

There is no federal statute of limitations set forth for civil claims based on alleged violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. However, the United States Supreme Court has held that a four-year period is the most appropriate limitation for civil RICO actions. Agency Holding Corp. v. Malley-Duff & Associates, 483 U.S. 143, 156 (1987).

In the case of the RICO claim, the Fourth Circuit has generally found that the claim accrues when the plaintiff discovers or should have discovered the injury or fraud. See, e.g., Pocahontas Supreme Coal Co. v. Bethelem Steel Corp., 828 F.2d 211, 218 (4th Cir. 1987). The alleged date of

6

the accrual of the cause of action is on or about July 20, 2001, thus any claims under the RICO Act expired on or about July 20, 2005, a little over five months before the complaint was filed on January 4, 2006.

**IV.   CONCLUSION**

Because the Court concludes that each of Ross' claims is time-barred under the various applicable statute of limitations, Defendants' motions to dismiss shall be granted. A separate order follows.

Date: 7/10/07

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE